IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARRETT S. TUNSIL,** | **CIVIL ACTION** |
| Petitioner, | |
| v. | **NO. 21-2050-KSM** |
| **SUPERINTENDENT THOMAS MCGINLEY, et al.** | |
| Respondents. | |

## MEMORANDUM

**MARSTON, J.**                                                                    February 28, 2024

Petitioner Barrett Tunsil was convicted in state court of unlawful contact with a minor; aggravated indecent assault of a child; corrupting the morals of a minor; endangering the welfare of a child (EWOC); and indecent assault for conduct involving his then 8-year-old stepdaughter. *Commonwealth v. Tunsil*, 51-CR-00008448-2013 (Ct. Com. Pl. Phila. Cnty.), N.T. Oct. 6, 2014, pp. 56–58. He was sentenced to 25 to 54 years' incarceration following his conviction. N.T. April 25, 2016, pp. 65, 91–92; *Commonwealth v. Tunsil*, No. 1990 EDA 2016, 2017 WL 6180864 (Pa. Super. Aug. 29, 2019). He now requests habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] (Doc. No. 6.) The Court referred his habeas petition to the Honorable Richard A. Lloret, United States Magistrate Judge, for preparation of a Report and Recommendation ("R&R").[2] (Doc. No. 115.) On June 5, 2023, Judge Lloret entered an R&R recommending that

---

[1] This case was previously assigned to the Honorable Eduardo C. Robreno. However upon his retirement it was reassigned to the undersigned. (Doc. No. 123.)

[2] Judge Lloret appointed a federal defender to represent Petitioner, but then granted Petitioner's request to dismiss his court-appointed counsel following a hearing, during which it was "clear from Petitioner's

1

the Court dismiss Tunsil's petition. (Doc. No. 115.) Tunsil objects to the R&R. (Doc. Nos. 122, 124.) For the reasons discussed below, his objections are overruled. The Court finds no error in Judge Lloret's findings and conclusions and adopts the R&R in its entirety.

## I.     BACKGROUND

### A.     *Conviction and Sentence*

The Pennsylvania Superior Court provides a succinct description of the underlying conduct in its opinion affirming Tunsil's conviction on direct appeal:

> The evidence at trial established that [the victim] was living with her mother and [Tunsil] who she referred to as her stepdad. [The victim], who was 8 at the time, was also residing with her younger sister and [Tunsil]'s daughter at [his] residence. It was during this time that [Tunsil] began to sexually abuse [the victim] by pulling her clothes down and inserting his finger into her vagina and sucking on her breast. This conduct occurred in the kitchen of the house when no one else was home and in [Tunsil]'s bedroom while the others were downstairs. [Tunsil] threatened to sell [the victim] to drug dealers or feed her to the rats if she told anyone. [The victim] estimated that she was sexually assaulted more than five (5) times between the age of eight (8) and nine (9) while residing in [Tunsil]'s home. [Tunsil] would punish [the victim] by pulling down her pants and spanking her with his bare hand. He would lock her in the basement in the dark prompting her to scream and kick on the door because she was so frightened. It wasn't until [the victim] was removed from the home and placed with a foster family that she was comfortable enough to reveal the depravity she had endured.
>
> [Tunsil] testified and denied ever touching or abusing [the victim].

*Tunsil*, 2017 WL 6180864, at *1.[3]

---

statements that meaningful representation of Mr. Tunsil by the Federal Defender was not feasible." (Doc. No. 115 at 8.)

[3] Tunsil objected to Judge Lloret quoting this same summary of the facts. (Doc. No. 124 at 3.) But this verbatim summary is not a finding by Judge Lloret or this Court.

2

Tunsil was convicted by a jury on October 6, 2014. Following trial, Tunsil was sentenced to 25 to 54 years' incarceration and was found to be a "Sexually Violent Predator" ("SVP") by the sentencing court. N.T. April 25, 2016, p. 65, 91–92.

### B. Direct Appeal and Post-Conviction Relief

Tunsil filed a direct appeal of his conviction and sentence, which was largely denied by the Pennsylvania Superior Court, except with respect to the trial court's sentencing order finding that Petitioner is an SVP. *Tunsil*, 2017 WL 6180864, at *13. His request for allocatur was denied by the Pennsylvania Supreme Court. *Commonwealth v. Tunsil*, 185 A.3d 969 (Pa. May 21, 2018). Petitioner then filed a *pro se* petition for relief pursuant to the Pennsylvania Post-Conviction Relief Act (the "PCRA"), 42 Pa. C.S. §§ 9541 *et seq.*, which was denied.[4] *Commonwealth v. Tunsil*, 249 A.3d 1188, 2021 WL 754348, at *2 (Pa. Super. 2021). The denial was affirmed on appeal by the Pennsylvania Superior Court on February 26, 2021.

### C. Federal Habeas Petition

Tunsil filed the pending habeas petition in this Court on May 26, 2021. (Doc. No. 6.) The Commonwealth responded to the petition on July 7, 2022. (Doc. No. 62.) On June 5, 2023, Judge Lloret issued his R&R, which recommends that Tunsil's petition be dismissed with prejudice and that no certificate of appealability issue. (Doc. No. 115.) Specifically, Judge Lloret found each ground raised in Tunsil's petition unexhausted, procedurally defaulted, and/or meritless. (*Id.*) Tunsil timely filed objections on July 7, 2023 (Doc. No. 122) and July 31, 2023. (Doc. No. 124.)

---

[4] Prior to filing his *pro se* PCRA petition, Petitioner had two PCRA court-appointed attorneys, the first of whom withdrew when he accepted a new legal position, and the second of whom filed a *Turner/Finley* letter, asserting that no issues of merit could be located in the file. *Commonwealth v. Tunsil*, 249 A.3d 1188, 2021 WL 754348, at *2 (Pa. Super. Ct. 2021).

## II. REPORT AND RECOMMENDATION REVIEW

### A. Legal Standard

"In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation." *Piasecki v. Ct. Com. Pl. of Bucks Cnty., Pa.*, Civil Action No. 14-7004, 2021 WL 1105338, at *3 (E.D. Pa. Mar. 23, 2021). Under that Rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." *Id.* (quoting *Savior v. Superintendent of Huntingdon SCI*, No. 11-cv-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012)).

When a party objects to a magistrate judge's findings, the district court must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673 (1980). "Ultimate adjudicatory power" resides with the district court "after receiving assistance from and the recommendation of the magistrate." *Raddatz*, 447 U.S. at 692. After reviewing the magistrate judge's conclusions, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations" and "receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 673–74.

But "[o]bjections [that] merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review," and rather are reviewed for clear error. *Gray v. Delbiaso*, Civil Action No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017); *see also Prout v. Giroux*, Civil Action No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016) ("Where objections do not respond to the Magistrate's recommendation, but rather

restate conclusory statements from the original petition, the objections should be overruled."). Also, where a petitioner fails to "identify with specificity any legal or factual errors in the R&R," the R&R is reviewed for clear error. *Lee v. Houtzdale SCI*, 798 F.3d 159, 162 (3d Cir. 2015); *see also Kennedy v. Borough of Minersville*, No. 3:19-CV-0124, 2019 WL 4316218, at *1 (M.D. Pa. Sept. 11, 2019) ("In particular, Plaintiff does not take issue with the substance of any of the Magistrate Judge's conclusions and/or recommendations. As such, the Report and Recommendation is reviewed for clear error, and finding none, it will be adopted."); *Guzman v. Rozum*, No. CV 13-7083, 2017 WL 1344391, at *9 (E.D. Pa. Apr. 12, 2017) (explaining that "federal district courts are not required to engage in *de novo* review of objections to a Magistrate's R&R that lack specificity").

### B.   Tunsil's Objections

Tunsil's objections are largely indecipherable and, with the exception of the three objections addressed below, merely rehash arguments he has repeated both before the state Court and Judge Lloret.[5] Based on the Court's own thorough and independent review of the record, Judge Lloret did not commit clear error in his resolution of these objections; accordingly, all of these repetitious objections are therefore overruled. The Court addresses Tunsil's remaining three objections in turn.

First, Tunsil argues that Magistrate Judge Lloret used the incorrect legal standard when he considered Tunsil's ineffective assistance of counsel claim. Tunsil argues that Judge Lloret should have applied the following standard: "Had, Mr. Tunsil been afforded adequate 'court

---

[5] The Court need not consider these objections in deciding whether to adopt the R&R. *See Palmer v. Astrue*, Civil Action No. 09-820, 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010) ("It is inappropriate for a district court to address objections previously raised before a magistrate judge; to do so would defeat any benefit of judicial efficiency gained by the report and recommendation process." (quotation marks omitted)); *see also Gray*, 2017 WL 2834361, at *4; *Prout*, 2016 WL 1720414, at *11.

appointed counsel' as, pro se' could/would Mr. Tunsil, [have] succeeded in proving his innocence?" (Doc. No. 124 at 16–17 (emphasis in original).) Tunsil's argument is meritless. Judge Lloret appropriately analyzed Petitioner's claim for ineffective assistance of counsel using the standard outlined by the United States Supreme Court in *Strickland v. Washington*. (Doc. No. 115 at 17–22); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth the federal standard for analyzing ineffective assistance of counsel claims, which requires the defendant to show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense"); *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland*, 466 U.S. at 687) (clarifying that to establish that counsel's "deficiency," a defendant must show that "counsel's representation fell below an objective standard of reasonableness"); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (defining prejudice as a "substantial," not just "conceivable," likelihood that but for counsel's error, the result would have been different). This objection is therefore overruled.

Next, Tunsil objects that he was illegally declared mentally incompetent without a proper evaluation. (Doc. No. 122 at 5.) Judge Lloret did not specifically address this claim, but the Court finds that it is procedurally defaulted. The Superior Court, upon review of Petitioner's appeal of the denial of his PCRA petition, rejected Petitioner's argument that he was "illegally" declared "mentally incompetent" to stand trial because Petitioner "fail[ed] to develop a meaningful argument with citation to relevant, legal authority." *Commonwealth v. Tunsil*, 249 A.3d 1188, 2021 WL 754348, at *4 (Pa. Super. Ct. 2021). The Superior Court thus held that Petitioner waived his claim on appeal. *Id.* Since Petitioner fails to provide cause to excuse the procedural default of this claim, his objection is overruled. *See Walker v. Martin*, 562 U.S. 307, 315 (2011) ("A federal habeas court will not review a claim rejected by a state court if the

decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (quotation omitted); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) (noting that procedural default of a claim may only be excused when "the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

Last, to the extent Petitioner attempts to object to the R&R on the ground that he is actually innocent, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Pratt v. Marsh*, No. 2:19-CV-00416, 2021 WL 2188576, at *14 (E.D. Pa. May 28, 2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp. SCI*, No. 21-2328, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  Petitioner presents no such evidence.  (*See also* Doc. No. 115 (Judge Lloret holding that Petitioner's frequent and bare statement that he is innocent does not constitute newly discovered evidence of "actual innocence").)  The Court therefore rejects any objection on this ground.

### III.   CONCLUSION

For the foregoing reasons, upon consideration of Tunsil's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 6), this Court overrules Tunsil's objections, adopts the R&R in its entirety, denies Tunsil's petition.  An appropriate Order follows.