IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRETT S. TUNSIL,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERINTENDENT THOMAS MCGINLEY, et al.<br><br>    Respondents. | CIVIL ACTION<br><br>NO. 21-2050-KSM |

## ORDER

**AND NOW** this 28th day of February, 2024, upon consideration of the Report and Recommendation of the Honorable Richard A. Lloret (the "R&R") (Doc. No. 115), Petitioner's Objections to the R&R (Doc. No. 122), and Petitioner's Supplemental Objections (Doc. No. 124), it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

3. There is no probable cause to issue a certificate of appealability.[1]

4. The Clerk of Court shall mark this case **CLOSED.**

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*
_____
KAREN SPENCER MARSTON, J.

---

[1] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").